No. 1004

PARRISH v. PEARSON

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 728. Decided July 1, 1926

1188. TRAFFIC—A party driving upon a main thoroughfare and claiming the right of way must proceed at a lawful rate of speed to avail himself of the right of way.

BY THE COURT.

Walter Pearson sought to recover damages in the Montgomery Common Pleas in a suit against Marguerite Parrish for injuries sustained by his automobile in a collision between the automobiles belonging to the parties. A verdict of $500 was returned in favor of Pearson, upon which judgment was entered.

Parrish it seems, was travelling on a main thoroughfare and Pearson was driving in a street not a thoroughfare, the collision occurring at the intersection of the streets. Parrish claimed to have the right of way by reason of her being on a main thoroughfare. Error was prosecuted from the judgment of the lower court and the Court of Appeals held:

1. The court charged that Parrish's car driven by her chauffer in travelling along the main thoroughfare, was entitled to the right of way only in case the car was being driven in a legal manner; and would not be available if the car was being driven at an unlawful rate of speed.

2. This charge was a correct statement of the law.

3. The evidence disclosed that Pearson relied upon the signal of a motorman of a street car at the intersection to proceed and was partly across when struck by the machine of

Parrish which was travelling at a high rate of speed.

4. The charge of contributory negligence against Pearson was not clearly established and was properly submitted to the jury.

Judgment affirmed.

Attorneys—Matthews & Matthews for Parrish; Marshall & Harlan for Pearson; all of Dayton.

---

No. 1005

CAMPBELL v. INDUSTRIAL COMM.

Ohio Appeals, 1st Dist., Hamilton Co.

Decided June 7, 1926

1283. WORKMEN'S COMPENSATION— Where a person is injured in 1922 and is not apprised of his condition till 1925, his claim is barred under 1465-72A GC.

HAMILTON, J.

William Campbell filed an appeal in error in the Hamilton Common Pleas from an order of the Industrial Commission denying him the right to participate in the state insurance fund. The lower court affirmed the finding of the Industrial Commission and error proceedings were brought in the Court of Appeals.

It seems that Campbell had been employed with the Allis-Chalmers Co. for a great many years, and had been foreman of the pickling room where certain acids were used, the fumes from the acids were carried off by a blower. In April 1922, a workman left a window up blowing the fumes in Campbell's face thereby gassing him. He further alleged that from that time on, he suffered from slight colds and coughing spells and in May 1925 his doctor diagnosed his case as pulmonary tuberculosis.

His contention is that although the proximate cause of his sickness was the gassing the injury did not become complete till May 1925 therefore his claim was not barred by the two year limitation imposed by 1465-72a GC. The Court of Appeals held:

1. Section 1465-72a GC. limits the recovery of compensation to two years after an injury.

2. The case is within 104 OS. 561 and 109 OS. 152 and therefore the judgment of the lower court is affirmed.

Judgment affirmed.

Attorneys—Hightower, O'Brien & Porter, Cincinnati, for Campbell; C. C. Crabbe, Atty. Gen., and Chas. W. Baker, Columbus, for Industrial Commission.